UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYQUAN M. FOSTER,<br><br>          Plaintiff,<br><br>    v.<br><br>SERVIN, et al.,<br><br>          Defendants. | Case No.: 1:25-cv-01124-SKO<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF OCTOBER 9, 2025**<br><br>(Doc. 14) |

Plaintiff Tyquan M. Foster is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.     RELEVANT BACKGROUND

Plaintiff initiated this action by filing a complaint on August 28, 2025, in the Sacramento division of this Court. (Doc. 1.) The action was transferred to the Fresno division on September 4, 2025. (Doc. 3.) That same date, the Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case. (Doc. 4.)

On September 15, 2025, Plaintiff's letters directed to the Clerk of Court containing numerous exhibits (Doc. 8) and a request for the case number (Doc. 9) were filed in this Court.

Plaintiff's application to proceed *in forma pauperis* (IFP) was granted on October 2, 2025. (Doc. 13.)

On October 9, 2025, Plaintiff filed an untitled document, docketed as a Motion to Settle and for Status, with the Court. (Doc. 14.)

## II.   DISCUSSION

Plaintiff's filing states in its entirety:

> Motion 1
>
> If possible I would like to settle this case for 100,000 no higher no less.
>
> Motion 2
>
> I would like to be updated on my case please.

(Doc. 14.)

As an initial matter, Plaintiff is advised that his request to settle is premature. As indicated in this Court's First Informational Order issued September 4, 2025, a "pro se plaintiff may not proceed with legal action against a governmental entity or individual in this Court until the Court screens the pro se plaintiff's complaint and finds that is states a cognizable claim against the named defendants." (*See* Doc. 4 at 3.) Because the Court has not yet screened Plaintiff's complaint, it has made no determination regarding Plaintiff's claims. Nor has any defendant been served.[1] Therefore, there has been no appearance by any defendant and any request to litigate or "to settle" is not appropriate at this stage of the proceedings. The First Informational Order also advised:

> This Court screens pro se plaintiffs' complaint[s] as expeditiously as possible. However, the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable. As long as a party keeps the Court informed of the party's current address, the Court will provide notice of all actions which might affect the case as soon as an action is taken in the case. The Court will not respond in writing to individual inquiries regarding the status of a case.

(*Id.* at 3-4.) Plaintiff's complaint has not yet been screened. And the undersigned had dozens of pro se complaints awaiting screening. Plaintiff's complaint will be screened in due course.

---

[1] The "Court will direct the United States Marshal to initiate service of the complaint" only after screening and finding the complaint states a cognizable claim or claims. (*See* Doc. 4 at 2 [III., B.].)

Finally, Plaintiff is advised the Court will not entertain any future requests for status in this case. As indicated above, it will provide notice of any action as soon as an action is taken.

### III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Plaintiff's motion filed October 9, 2025 (Doc. 14) is **RESOLVED**; and
2. The Court will screen Plaintiff's complaint in due course.

IT IS SO ORDERED.

Dated:   **October 17, 2025**                       /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE