UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYQUAN M. FOSTER,<br><br>                    Plaintiff,<br><br>          v.<br><br>SERVIN, et al.,<br><br>                    Defendants. | Case No.: 1:25-cv-01124-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FILED OCTOBER 31, 2025**<br><br>(Doc. 16) |

Plaintiff Tyquan M. Foster is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     INTRODUCTION**

On October 31, 2025, Plaintiff filed a document docketed as a "Motion for Trial." (Doc. 16.)

**II.     DISCUSSION**

Plaintiff's filing states in its entirety:

Motion 1

I (PRO SE) lawyer Tyquan Foster is now asking of the dear Magistrate Judge Sheila K. Oberto to go stright to trail.

Motion 2

I (PRO SE) lawyer Tyquan Foster ask's of the court to proceed and start jury demand immediately. I Tyquan Foster want's the

> proposition to settle out for 100,000 still stand's but if the offer isn't tookin and I force trail on the two defendants and win I'll ask for dramatically more.

> Motion 3

> I (PRO SE) lawyer Tyquan Foster is now asking for a picture's motion to be filed on the two defendants officer Servin and officer Smith so I can look in to history of all 115's filed.

(Doc. 16.)

First, Plaintiff is advised his request to proceed "[straight] to [trial]" is improper. As Plaintiff was previously advised, "a 'pro se plaintiff may not proceed with legal action against a governmental entity or individual in this Court until the Court screens the pro se plaintiff's complaint and finds that is states a cognizable claim against the named defendants.'" (*See* Doc. 15 at 2.) This Court is required to screen prisoner plaintiff complaints. *See* 28 U.S.C. § 1915A. Until the Court completes screening of Plaintiff's complaint and issues a screening order finding the complaint states a cognizable claim or claims, service of the complaint will not occur. (*See* Doc. 15 at 2, fn. 1 & Doc. 4 at 2.) And as Plaintiff was also previously advised, (*id.*), this Court has an extremely large number of pro se plaintiff civil rights cases pending screening. (*See* Doc. 4 at 3-4 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].) Only after the Court has determined that Plaintiff's complaint states a cognizable claim or claims will it proceed to service of the complaint. The defendants will be required to file a responsive pleading in the action before the litigation proceeds further. At no point will Plaintiff's request to "go [straight] to [trial]" be appropriate or granted.

Second, for the same reasons Plaintiff's "Motion 1" will be denied, the Court will deny "Motion 2" to "to proceed and start jury demand …" as improper. Plaintiff was previously advised that his "request to settle is premature." (*See* Doc. 15 at 2.) After screening has been completed and the defendants have appeared in this action, the Court may elect to stay this matter briefly should the parties choose to participate in an early settlement conference. But again, that will only occur after Plaintiff's complaint has been screened. Moreover, early settlement conferences are voluntary not mandatory, and no party is required to participate. Both parties must choose to participate in an early settlement conference. Any appearing defendants will not

2

be required to participate in a settlement conference in the early stages of this proceeding.

Third, Plaintiff's "Motion 3" concerns discovery which has not yet commenced. As also explained in the First Informational Order, discovery will begin "[a]fter defendants' answers are filed. … No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." Here, no defendants have appeared in this action or filed an answer, and the Court has not issued a discovery order. Simply put, Plaintiff's request is premature. Discovery will begin only after screening, service of an operative complaint, and an answer filed by defendants.

Plaintiff is encouraged to review the Court's First Informational Order issued September 4, 2025. (*See* Doc. 4.) Litigation is not a fast-moving process. The parties must comply with the Federal Rules of Civil Procedure and this Court's Local Rules which do not permit Plaintiff to demand that his case "go [straight] to [trial]," to demand a settlement conference at this juncture, or to demand that discovery commence. Plaintiff must wait, as do all pro se plaintiffs in civil rights actions, for the Court to issue a screening order before any further action is taken by the Court.

Finally, Plaintiff is cautioned that should he continue to file improper and/or premature motions, the Court will consider issuing findings and recommendations to dismiss this action, without prejudice, for Plaintiff's failure to obey court orders.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Plaintiff's motion filed October 31, 2025 (Doc. 16) is **DENIED**; and

2. As previously indicated, the Court will screen Plaintiff's complaint in due course.

IT IS SO ORDERED.

Dated:   **January 16, 2026**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

3