UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TYQUAN M. FOSTER,

Plaintiff,

v.

SERVIN, et al.,

Defendants.

Case No.: 1:25-cv-01124-JLT-EGC (PC)

**ORDER TO SHOW CAUSE WHY DEFENDANT SMITH SHOULD NOT BE DISMISSED FROM THIS ACTION FOR A FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**

30-Day Deadline

Plaintiff Tyquan M. Foster is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

On June 23, 2026, the Court issued its Order Finding Service Appropriate. (Doc. 25.) Specifically, it ordered the United States Marshal (USM) to serve Defendants J. Servin and D. Smith. (*Id*. at 1.)

Thereafter, on July 31, 2026, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent to waive service as to Defendant Servin.[1] (Doc. 27 [sealed].) That same date, CDCR filed a notice of intent *not* to waive service as to Defendant Smith. (Doc.

[1] The waiver of service on Defendant Servin's behalf is due no later than Monday, August 31, 2026, as 30 days falls on a Sunday.

28 [sealed].) CDCR indicated it was unable to contact Smith because Smith separated from service in January 2025. (*Id.*)

On August 11, 2026, the USM filed a summons returned unexecuted as to Defendant Smith. (Doc. 29.) Attempting to serve Don E. Smith at his last known address provided by CDCR, the USM made three separate attempts to personally serve Smith: on August 6, August 7, and August 11, 2026. (*Id.*) None of the attempts were successful as each attempt reflects "No Answer" at the last known address. (*Id.*)

**II. DISCUSSION**

Rule 4 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . .." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . ..'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the USM with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the USM has attempted to personally serve Defendant Smith on three separate occasions at his last known address without success. The USM performed its duty. *Puett*, 912

F.2d at 275. Thus, the Court finds Plaintiff has failed to provide the USM with accurate and sufficient information to effect service of the summons and complaint on Defendant Smith. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the USM with the necessary information to locate this individual, Defendant Smith shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

To be clear, it is Plaintiff's obligation to provide the USM with accurate and sufficient information to effect service of process. [2] *Walker*, 14 F.3d at 1421-22.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Smith should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information[3] that will assist the USM in locating Defendant Smith for service of process.

## I. CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Smith should not be dismissed from this action. Plaintiff may do so by providing additional information concerning Defendant Smith's current location; and

//

//

//

//

[2] *See, e.g.*, *Lear v. Navarro*, No. 1:21-cv-00600-DAD-BAM (PC), 2022 WL 2819034, at *2 (E.D. Cal. July 19, 2022) ("as the Marshal has already attempted to serve Defendant Plata with the information that was provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Plata for service of process. To the extent Plaintiff requests that the Court order [CDCR] Defendants or defense counsel to provide such information directly to the Court, by order or by email, the Court declines to do so"); *Steward v. Igbinosa*, No. 1:18-cv-00551-AWI-BAM (PC), 2021 WL 3488282, at *2 (E.D. Cal. Aug. 9, 2021) (same); *Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL 1330316, at *2 (S.D. Cal. Mar. 25, 2019) (plaintiff suggested burden of locating defendants should "be on the USMS or the Court" but it is plaintiff's responsibility to provide the necessary information and the "USMS does its best to effect service as instructed, but it does not have the ability to track down every defendant named in a complaint if the information provided by the plaintiff is faulty"); *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017 WL 1821282, at *5 (E.D. Cal. May 5, 2017) (the burden does not fall on or extend to the court).

[3] Additional information might include, for example, Defendant Smith's current work or employment address, or any additional information that would assist the USM in personally serving this individual.

2. **Plaintiff is advised the failure to respond to this order will result in findings and recommendations for the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated: **August 14, 2026**

UNITED STATES MAGISTRATE JUDGE