UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYQUAN M. FOSTER,<br>Plaintiff,<br>v.<br>SERVIN, et al.,<br>Defendants. | Case No.: 1:25-cv-01124-JLT-EGC (PC)<br>**ORDER CONSTRUING PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE AS A REQUEST FOR AN EXTENSION OF TIME**<br>(Doc. 32) |

Plaintiff Tyquan M. Foster is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Servin and Smith and Fourteenth Amendment due process claim against Defendant Smith. (*See* Doc. 24.)

**I. RELEVANT BACKGROUND**

On July 31, 2026, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent not to waive service as to Defendant Smith. (Doc. 28 [sealed].)

On August 11, 2026, the United States Marshal (USM) filed a summons returned unexecuted as to Defendant Smith. (Doc. 29.)

On August 17, 2026, the Court issued its Order to Show Cause (OSC) Why Defendant Smith Should Not Be Dismissed From This Action For A Failure To Provide Sufficient Information To Effectuate Service. (Doc. 30.) Plaintiff was directed to "show cause why

Defendant Smith should not be dismissed from this action," or, alternatively, to provide "additional information concerning Defendant Smith's current location" within 30 days. (*Id*. at 3.)

On September 3, 2026, Plaintiff filed his response to the OSC. (Doc. 32.)

**II. DISCUSSION**

Citing to *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), Plaintiff's response to the OSC states:

> In this case the U.S. Marshal I plaintiff Tyquan Foster is asking the to extend the time for service for an appropriate period Mr. Smith has to have some type of address he can be traced to. [¶] THANK YOU. [¶] If it is in the best matter for this case to go on Smith can be dismissed (without prejudice).

(Doc. 32.)

It is unclear whether Plaintiff is seeking an extension of time within which to obtain Defendant Smith's current location, or whether Plaintiff believes the USM, CDCR, or this Court are required to take further action. The first sentence quoted above appears incomplete.

As Plaintiff was advised in the OSC, it is his "obligation to provide the USM with accurate and sufficient information to effect service of process." (*See* Doc. 30 at 3.) The Court previously found that the USM has performed its duty to attempt service of process on Defendant Smith at his last known address, provided by the CDCR and that its three attempts were unsuccessful. (*Id*. at 2.)

To the extent Plaintiff seeks an unspecified extension of time within which to obtain Defendant Smith's current location and to provide that information to the Court so that the USM may be directed to attempt service at a new location, his request will be granted.

However, to the extent Plaintiff believes no further action on his part is required in light of his citation to *Puett*, the Court takes this opportunity to explain that while *Puett* does provide that pro se prisoners such as Plaintiff are entitled to rely on the USM for service of the summons and complaint, that reliance requires accurate information regarding the defendant's location. As the Ninth Circuit held in *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 2014), a prisoner must provide "the information necessary to identify the defendant," and if he or she fails to do so, the unserved defendant may be dismissed from the action for the prisoner's failure to effect service of

process. Here, the USM obtained the last known address from CDCR for Defendant Smith; the USM then attempted to serve Smith at that address on three separate occasions but received "no answer" in response to those attempts. (Doc. 29.) Thus, as it stands, the USM performed its obligation after obtaining Smith's last known address from the CDCR, and it falls to Plaintiff to provide a current address or location for Smith to avoid Smith's dismissal from the action.[1]

Given the foregoing, the Court construes Plaintiff's response to the OSC to be a request for an extension of time within which to locate a current address or location for Defendant Smith and to provide that information to the Court. Plaintiff will be afforded 60 days within which to do so. If Plaintiff does not wish to, or is unable to, provide a current address or location or Defendant Smith, he may advise the Court that he wishes to voluntarily dismiss Smith.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's construed motion for an extension of time within which to locate Defendant Smith and to provide that information to the Court (Doc. 32) is **GRANTED**; and
2. Plaintiff **SHALL** file a document **within 60 days** of the date of service of this order, providing the Court with a current address or location for Defendant Smith; or
3. In the alternative, Plaintiff may notify the Court in writing that he wishes to voluntarily dismiss Smith from this action, without prejudice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

**WARNING: A failure to respond to this Order may result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **September 8, 2026**

Erin Sanya Castillo

UNITED STATES MAGISTRATE JUDGE

[1] If Smith were dismissed from the action, this case would proceed only on Plaintiff's Eighth Amendment excessive force claim against Defendant Servin.